IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 23-cv-01089-CNS

MICHAEL FARROW,

      Petitioner,

v.

PEOPLE OF THE STATE COLORADO,
EXECUTIVE DIRECTOR OF CDOC, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

**ORDER**

---

Petitioner Michael Farrow is a convicted and sentenced state prisoner currently incarcerated at the Centennial Correctional Facility in Cañon City, Colorado. Mr. Farrow, proceeding *pro se*, brings this habeas corpus action under 28 U.S.C. § 2254 to collaterally challenge his state-court conviction, where a jury found him "guilty of attempted first degree assault, felony menacing, reckless driving, reckless endangerment, and a crime of violence, after he tried to run down two people with his car following an argument."[1] ECF No. 10-5 at 2. Mr. Farrow's § 2254 application presents a single claim based on an alleged violation of his right to a speedy trial. After reviewing the application, answer,

---

[1] Because Mr. Farrow proceeds *pro se*, the Court liberally construes his filings, but will not act as an advocate. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

reply, and state-court record, no basis for federal habeas relief has been shown. The Court therefore rejects Mr. Farrow's claim and DENIES the habeas application.

## I. BACKGROUND

In addressing Mr. Farrow's direct appeal, the Colorado Court of Appeals (CCA) summarized the issues raised as follows:

> On appeal, Farrow contends that the trial court (1) erred by denying his motion to dismiss for violation of his statutory speedy trial right because 'the record reflects his waiver [of this right] was not voluntary, but was rather the product of coercion,' and (2) erred by denying his challenge for cause to a prospective juror. Because we disagree with Farrow's contentions, we affirm the judgment of conviction.

ECF No. 10-5 at 2. As relevant here, the CCA "conclude[d] that the trial court did not err by denying Farrow's motion to dismiss for violation of his *statutory* speedy trial right because the record supports the trial court's finding that his waiver of his *statutory* speedy trial right was voluntary." *Id.* (emphasis added). The Colorado Supreme Court denied certiorari. ECF No. 10-6.

After the convictions were affirmed on direct appeal, Mr. Farrow brought this habeas corpus action under 28 U.S.C. § 2254. ECF No. 1. Mr. Farrow's § 2254 application presents a single claim titled as follows: "Violation of Speedy Trial & District Court Forcing Waiver of Speedy Trial Under Duress." ECF No. 1 at 4. As support, Mr. Farrow alleges that, during a preliminary hearing, the state trial judge "unlawfully coerced and threatened" him to waive his right to a speedy trial under Colo. Rev. Stat. § 18-1-405. *Id.* at 4-5. According to Mr. Farrow, the trial judge presented him with an impermissible choice: If Mr. Farrow did not waive his speedy trial rights and continue the then-scheduled trial date,

he would be required to either (a) proceed to trial with unprepared counsel, or (b) represent himself at trial. *Id*. Although Mr. Farrow ultimately signed a written waiver of the speedy trial deadline, he maintains here, as he did on direct appeal, that the written waiver was involuntary, and therefore the criminal case should have been dismissed pursuant to Colo. Rev. Stat. § 18-1-405. *Id*.

Though difficult to follow, Mr. Farrow's habeas application includes a factual narrative that recalls a number of perceived difficulties he experienced throughout the state proceedings, culminating in his waiver of the speedy trial deadline. Mr. Farrow recounts that he requested the trial judge's recusal; that he was heavily sedated during a competency hearing; that his attorneys refused to raise certain objections with the trial court; that his attorneys labored under a conflict of interest; that he was illegally sentenced to 12 years in prison; and that he "was on and off multiple antipsychotic and antidepressants," and the trial judge knew he suffered from serious mental health disabilities. *Id*. at 5.

The habeas relief that Mr. Farrow seeks is for his conviction to be vacated and that he be immediately released from custody. *Id*. at 7. The Court will now turn to Mr. Farrow's claim.

## II. DISCUSSION

Respondents contend that Mr. Farrow should be denied federal habeas relief because the state court's decision rested solely on a matter of state law—specifically, a claimed violation of Colorado's speedy trial statute, Colo. Rev. Stat. § 18-1-405. ECF No.

31 at 3–6. The Court agrees.

Federal habeas corpus relief is warranted only if Mr. Farrow "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). A state-court decision that rests on a matter of state law "binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam); *Chapman v. LeMaster*, 302 F.3d 1189, 1196 (10th Cir. 2002) (explaining that matters of state law are binding on a federal habeas court).

The CCA's rejection of Mr. Farrow's speedy trial claim dealt solely with state law. The CCA found that the trial court did not violate "his *statutory* speedy trial right because the record support[ed] the trial court's finding that his waiver of his *statutory* speedy trial right was voluntary." ECF No. 15-2 at 2 (emphasis added). The CCA made no mention of the Sixth Amendment's right to a speedy trial under the United States Constitution. Because the CCA's decision rested solely on a matter of state law, Mr. Farrow's claim fails because it is not based on a violation of the Constitution, laws, or treaties of the United States.[2] *Wilson v. Corcoran*, 562 U.S. 1, 1 (2010) (per curiam) ("Federal courts

---

[2] In his reply, Mr. Farrow insists that his habeas application asserts a violation of his federal constitutional right to a speedy trial. ECF No. 50 at 2–4. But nowhere does his § 2254 application—the operative pleading in this case—mention a violation of Mr. Farrow's federal constitutional rights. Even if the § 2254 application did assert a speedy trial claim under the U.S. Constitution, such a claim was not presented to the state

may not issue writs of habeas corpus to state prisoners whose confinement does not violate federal law.").

To avoid this conclusion, Mr. Farrow makes numerous arguments in his reply. Though not precisely clear, he first discusses a number of claimed errors by the trial judge that, as Mr. Farrow sees it, required his recusal. ECF No. 50 at 2–7. Mr. Farrow further asserts that trial counsel was constitutionally ineffective by "coercing him to waive his rights," not seeking the recusal of the trial judge, not seeking relief from a higher court, and not seeking a change of venue. *Id*. These arguments fail.

First, to the extent Mr. Farrow discusses these claimed trial errors by the judge and counsel as additional bases for habeas relief, they do not appear as separate claims in Mr. Farrow's § 2254 habeas application. *See* ECF No. 1. Although the Court must construe the application liberally, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts

---

court as a federal constitutional claim to satisfy the fair presentation requirement. *See infra*. Mr. Farrow's opening brief to the CCA makes a lone reference to the Sixth Amendment of the United States Constitution. However, the reference is made to explain the protections afforded by Colorado's speedy trial statute. ECF No. 10-2 at 24 ("An accused person's right to a speedy trial is based on the Sixth Amendment of the United States Constitution and Article II, Section 16 of the Colorado Constitution."). A passing reference to the Sixth Amendment falls short of putting the state courts on notice that Mr. Farrow was presenting a federal constitutional claim. *Grant v. Royal*, 886 F.3d 874, 898 (10th Cir. 2018) (holding that "recitations of caselaw—tethered neither to factual allegations nor directed argumentation—[]fall short of fairly presenting a legal claim"); *see also Burnett v. Hargett*, 139 F.3d 911, *5 (10th Cir. 1998) (unpublished) (finding "stray citations in a motion that was denied" insufficient to meet the fair presentation requirement). Consequently, the Court finds that Mr. Farrow did not fairly present a speedy trial claim to the state court as a federal constitutional claim, making it unexhausted.

(the "Habeas Rules") require Mr. Farrow to identify the specific federal constitutional claim he is asserting and to provide specific factual allegations in support of the claim. The Habeas Rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Insofar as Mr. Farrow, via his reply (also known as a "Traverse"), seeks habeas relief based on claimed errors by the trial judge or ineffective assistance of counsel, the habeas application fails to identify the specific federal constitutional claim he is asserting and to provide specific factual allegations in support of the claim. *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) ("A Traverse is not the proper pleading to raise additional grounds for relief."). Though the application discusses claims of coercion by the trial judge and that his trial counsel erred, the allegations all appear to relate to Mr. Farrow's single claim that the waiver of his statutory speedy trial right was invalid. Thus, any such additional claims do not comply with Habeas Rules 2(c)(1) and 2(c)(2).

Second, and more importantly, even if the allegations in the application could be read to assert separate constitutional claims that comply with the Habeas Rules, the

claims were not exhausted in state court. Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless the petitioner has exhausted state remedies or no adequate state remedies are available or effective to protect the petitioner's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been fairly presented to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation in Colorado requires that the federal issue be presented properly to the Colorado Court of Appeals, but review by the Colorado Supreme Court is not necessary. *Ellis v. Raemisch*, 872 F.3d 1064, 1082 (10th Cir. 2017) (holding that Colo. App. R. 51.1(a) only requires a habeas petitioner to fairly present a claim to the CCA to have exhausted all available state remedies).

The "substance of a federal habeas corpus claim" must have been presented to the state courts to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). "It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam) (citation omitted). A claim must be presented as a federal constitutional claim in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) (per curiam).

A petitioner's blanket statement that state remedies have been exhausted does not satisfy the burden of demonstrating a claim was fairly presented to the state courts.

*See Olson v. McKune*, 9 F.3d 95 (10th Cir. 1993). "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan*, 513 U.S. at 365–66. "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all available state remedies for each particular claim. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Here, Mr. Farrow's opening appellate brief to the CCA raised the following two issues: (1) "Whether the trial court committed reversible error by denying Mr. Farrow's motions to dismiss for violation of his statutory right to a speedy trial, where the record reflects his waiver was not voluntary, but was rather the product of coercion," and (2) "Whether the trial court committed reversible error by denying the defense challenge for cause of Juror No. 5, Mr. O, where the court's rehabilitation was improperly based on the court's leading questions." ECF No. 10-2 at 3. Aside from these two claims, the state-court record shows that Mr. Farrow did not present any other claims for the state court's consideration. Therefore, the extent to which Mr. Farrow argues that habeas relief should be granted based on any claims other than the two issues raised in his opening appellate brief—such as the trial judge's failure to recuse or ineffective assistance of counsel—the claims have not been exhausted in state court.

As for the ineffective assistance claims, Mr. Farrow acknowledges that they have

not been exhausted in state court. ECF No. 50 at 11. But, he argues, the exhaustion requirement should be excused because the state "proceedings will take several years to complete during which time [he] will have completed his entire prison sentence suffering severe prejudice." *Id*. The fact that exhausting his claims in state court may take several years cannot excuse the exhaustion requirement, especially where Mr. Farrow has not yet raised the claims in state court. *See Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir. 1995) (holding that "if the petitioner raises claims in his federal habeas petition that he has not raised in state court, delay in adjudicating his state appeal cannot excuse his failure to exhaust such claims"). Therefore, Mr. Farrow's unexhausted claims will not be considered.

## III. CONCLUSION

Ultimately, Mr. Farrow does not show that he is in custody in violation of the Constitution or laws or treaties of the United States. Therefore, there is no basis for habeas relief under 28 U.S.C. § 2254.

Accordingly, it is ORDERED that:

1. The *Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254*, ECF No. 1, is DENIED and this case DISMISSED;

2. No certificate of appealability will issue because Mr. Farrow has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c); and

3. All pending motions are DENIED AS MOOT.

DATED this 5th day of April 2024.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge